(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DOROTHY SWEET, IN THE NAME OF THE UNITED STATES OF AMERICA PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. § 3730: <br><br> Plaintiff, <br><br> v. <br><br> TMI MANAGEMENT SYSTEMS, <br><br> Defendant. | Civil No. 05-1683 (RBK) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by defendant TMI Management Systems ("TMI"), seeking dismissal of Plaintiff Dorothy Sweet's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(5) due to improper service under Fed. R. Civ. P. 4. Based on the reasons set forth below, TMI's motion will be denied.

**I. BACKGROUND**

Plaintiff filed her Qui Tam Complaint on March 29, 2005, accusing TMI of violating the False Claims Act, 31 U.S.C. § 3729. One day later, this Court signed an Order placing the

Complaint and all other filings in the action under seal.  On March 13, 2006, the United States of America declined to intervene in the action, and on March 15, 2006, this Court issued an Order unsealing the filings.  A summons was issued on June 7, 2006, and TMI acknowledges that TMI was served on or about June 16, 2006.

**II.  STANDARD**

Federal Rule of Civil Procedure 4 governs the requirements for service of process.  Regarding time limitations, Rule 4 states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Regarding who may effect service of process, Rule 4 states that "service may be effected by any person who is not a party and who is at least 18 years of age."  Fed. R. Civ. P. 4(c)(2).

Under Rule 12(b)(5), a party may move for dismissal of a Complaint for insufficient service of process.  As TMI has so moved in this case, Plaintiff bears the burden of showing that service of process was sufficient.  See Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

**III. ANALYSIS**

  A. <u>Untimely Service under Rule 4(m)</u>

  TMI alleges that service was not effected within the time limits imposed by Rule 4(m). TMI notes that the Complaint was filed with this Court on March 29, 2005, and that TMI was not served until June 16, 2006, well over the 120-day time limit imposed by Rule 4(m).

  This Court finds TMI's argument to be wholly without merit. The False Claims Act governs the procedure by which private persons may bring civil actions for violations of the Act. The Act states that a copy of the Complaint must be served on the Government and filed in camera, whereby it remains under seal for at least 60 days. 31 U.S.C. § 3730(b)(2). The Complaint is not to be served on the defendant "until the court so orders." <u>Id.</u> Accordingly, "the defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." 31 U.S.C. § 3730(b)(3).

  Once the Court orders the Complaint to be unsealed, "service must be made within 120 days to comply with Rule (4)(m) of the Federal Rules of Civil Procedure." <u>United States ex rel. Howard v. Life Care Ctrs. of America, Inc.</u>, No. 03-41, 2005 U.S. Dist. LEXIS 25543, at *7 (E.D. Tenn. Oct. 20, 2005). <u>See</u> also <u>United States ex rel. Bowman v. Computer Learning Ctrs.</u>, No. 02-21354, 73 Fed. Appx. 735, 735 (5th Cir. 2003) (applying 120-day requirement in a qui tam action). In the case presently before this Court, the Complaint was unsealed on March 15, 2006 and TMI was served on June 16, 2006, well within the 120-day window. Since the Complaint was placed under seal, as was mandated under 31 U.S.C. § 3730, TMI's argument that the 120-day time window should run from the filing date of the Complaint is disingenuous at

best.  Accordingly, this Court finds that service upon TMI was made in a timely fashion pursuant to Rule 4(m).

      B.     <u>Proper Service under Rule 4(c)(2)</u>

Rule 4(c)(2) requires that the person effecting service be at least 18 years of age and not a party to the action.  TMI asserts that "TMI does not know who made service and, therefore, cannot determine if the person making service was a proper person under FRCP 4(c)(2)."  (Def.'s Br. ¶ 10.)  As is stated in section II above, Plaintiff bears the burden of showing that the person effecting service met the requirements of Rule 4(c)(2).

On November 30, 2006, this Court ordered Plaintiff's counsel to submit proof that service was proper under Rule 4(c)(2).  Plaintiff's counsel made such a submission on December 8, 2006.  In this submission, Plaintiff attached a declaration of the person who personally served process on Defendant.  (Ex. D.)  This declaration, signed by the process server under penalty of perjury, declares that service was effected by him.  The word "effected" is footnoted on the declaration, and states that "[a]s to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure."  Accordingly, his Court finds that this submission satisfies Plaintiff's burden under Rule 4(c)(2), and that it further satisfies the requirements imposed upon Plaintiff by Rule 4(l), requiring "the person effecting service [to] make proof thereof to the court."  Fed. R. Civ. P. 4(l).

## IV. CONCLUSION

Based on the foregoing reasoning, this Court will deny TMI's motion to dismiss pursuant

to Rule 12(b)(5). The accompanying Order shall issue today.


Dated: December 12, 2006                                     s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge