(Not for publication)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| _____ | : | |
| DOROTHY SWEET, IN THE NAME OF | : | |
| THE UNITED STATES OF AMERICA | : | |
| PURSUANT TO THE FALSE CLAIMS | : | |
| ACT, 31 U.S.C. § 3730: | : | Civil No. 05-1683 (RBK) |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| TMI MANAGEMENT SYSTEMS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendant TMI Management Systems ("TMI") to dismiss Plaintiff Dorothy Sweet's ("Plaintiff") complaint or in the alternative for summary judgment. Further before the Court is Plaintiff's cross-motion for summary judgment. Plaintiff alleges that TMI failed to pay her the prevailing wage rate under the Government Service Contract Act. For the reasons set forth below, TMI's motion will be granted; however, the Court will dismiss Plaintiff's complaint without prejudice.

I.      BACKGROUND

TMI holds a contract with General Services Administration ("GSA") to provide it with staffing. Plaintiff worked for TMI as a forklift operator in a facility covered by the contract with

1

GSA.  As such, the wage TMI paid Plaintiff was dictated by U.S. Department of Labor pursuant to the Government Service Contract Act.  Plaintiff alleges that for certain weeks in late 2003, TMI paid her and other employees lesser amounts than they were owed under the contract with GSA.

Plaintiff filed her Qui Tam Complaint on March 29, 2005, accusing TMI of violating the False Claims Act ("FCA"), 31 U.S.C. § 3729.  On March 13, 2006, the United States of America declined to intervene in the action, and on March 15, 2006, this Court issued an Order unsealing the filings.  On December 12, 2006, this Court denied TMI's previous motion to dismiss, which was based on allegedly improper service.  TMI now moves for dismissal pursuant to either Federal Rule of Civil Procedure 41 or 12(b)(6) and alternatively, for summary judgment. Plaintiff opposes TMI's motion and cross-moves for summary judgment.  Because the Court relies solely on the pleadings, it will construe TMI's motion as a motion to dismiss.

## II.      STANDARD UNDER RULE 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

**III.    ANALYSIS**

The FCA makes liable any person who

(1)     knowingly presents, or causes to be presented, to an officer or employee of the  United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

(2)     knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

(3)     conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

(4)     has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

(5)     authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(6)     knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge the property; or

(7)     knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.

31 U.S.C. § 3729(a).  In this context, "the terms 'knowing' and 'knowingly' mean that a person, with respect to information—(1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required."  31 U.S.C. § 3729(b).

Plaintiff does not indicate which provision or provisions of the FCA she believes TMI violated.  More significantly, however, Plaintiff fails to allege the knowledge, conspiracy, or intent necessary to make out any claim under the FCA.  Subsections 1, 2, 6, and 7 require that a

3

person either has actual knowledge of information, acts in deliberate ignorance of the truth or falsity of information, or acts in reckless disregard of the truth or falsity of information. Subsection 3 addresses conspiracy among multiple persons, and subsections 4 and 5 necessitate allegations of specific intent to defraud.  Intent and knowledge may be alleged generally; however, Plaintiff has not alleged them at all.

In addition, the Third Circuit has held that FCA claims must be pleaded with particularity in accordance with Federal Rule of Civil Procedure 9(b).  U.S. ex rel. Schmidt v. Zimmer, Inc., 386 F.3d 235, 242 n.9 (3d Cir. 2004) (citing United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc., 149 F.3d 227, 234 (3d Cir. 1998)).  Rule 9(b) states "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Thus, under Rule 9(b), a plaintiff must plead with particularity the "circumstances" of the alleged fraud.  Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998).  The Third Circuit has interpreted the Rule to permit a plaintiff, in lieu of pleading the date, place, and time of the fraud, to use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  Id. (citing Seville Indus. Machinery v. Southmost Machinery, 742 F.2d 786, 791 (3d Cir. 1984)).  Ultimately, however, "[t]he purpose of Rule 9(b) is to provide notice of the precise misconduct with which defendants are charged and to prevent false or unsubstantiated charges."  Id. (internal quotation marks omitted).

In her Complaint, Plaintiff merely states that "TMI engaged in a pattern of activity and practice whereby it submitted a false record or certification with respect to wages paid to its

4

employees in that it failed to pay its employees the prevailing wages certified by the Department of Labor as required by the SCA and the GSA contract." While Plaintiff has vaguely alleged the subject time period (starting in June of 2003) and place (GSA Burlington, New Jersey facility) of the purported fraud, she falls short of the specificity required by Rule 9. She does not identify any persons involved in the alleged fraud or any discrete acts that make up the purported pattern of activity. Nor has she cited any communications by TMI to the United States Government that contain a misrepresentation. Accordingly, Plaintiff's complaint fails to plead the circumstances constituting fraud or mistake with particularity, as required by Rule 9(b).

## IV.  CONCLUSION

Based on the foregoing reasoning, this Court will grant TMI's motion to dismiss pursuant to Rule 12(b)(6). Plaintiff's complaint will be dismissed without prejudice, and Plaintiff shall be granted leave to amend within twenty days of the Court's order. An accompanying Order shall issue today.

Dated: 3-17-08                                   s/ Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge

5